**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4874**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ADAM LEE KERN,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp,
Jr., Senior District Judge.  (5:08-cr-00014-FPS-JES-1)

Submitted:  June 11, 2009          Decided:  July 2, 2009

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling,
West Virginia, for Appellant.  Sharon L. Potter, United States
Attorney, David J. Perri, John C. Parr, Assistant United States
Attorneys, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Lee Kern entered a conditional plea of guilty to possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), reserving the right to challenge the district court's denial of his motion to suppress. Kern was sentenced to sixty-three months' imprisonment. Finding no error, we affirm.

On appeal, Kern's counsel contends that the district court erred in denying the motion to suppress. We review the factual findings underlying the denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). The evidence is construed in the light most favorable to the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

At the motion hearing, Shaun R. Curran, a trooper with the West Virginia State Police, testified that a multi-state search had been conducted in an attempt to locate Kern. Curran was aware of several confirmed warrants that had been issued for Kern's arrest, including a federal warrant involving Kern's flight to avoid prosecution. Kern was additionally under investigation for alleged "sexual misconduct" with his two pre-teen step-daughters.

Several confidential sources informed law enforcement officers that a man, woman, and two children fitting the description of Kern's family had been observed for several weeks coming and going from a farm in Tyler County, West Virginia.[*] Sources were unclear as to the owner of the property but "believed it was an heirship." Based on this information, officers went to the farm on January 11, 2008, to execute the outstanding arrest warrants. Kern was arrested and two firearms, which had been within Kern's reach, were seized.

Counsel argues, as he did in the district court, that under Steagald v. United States, 451 U.S. 204 (1981), it was improper for law enforcement officers to enter a third-party residence to effectuate Kern's arrest without a search warrant, consent, or exigent circumstances. Yet, despite counsel's assertions to the contrary, Steagald is not dispositive in this appeal as it did not address the issue of "whether the subject of an arrest warrant can object to the absence of a search warrant when he is apprehended in another person's home, but rather whether the residents of that home can complain of the search." Steagald, 451 U.S. at 219.

---

[*] Kern's mother, Anita Lynn Kern, testified that the farm was owned by multiple family members and used as a family vacation home. No one had permanently lived at the farm since the late 1960's. Family members were all permitted to use the farm and a key was hidden on the property for this purpose.

"It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980) (internal quotation marks omitted). There are two distinct Fourth Amendment interests implicated by the entry of law enforcement officers into a third-party's residence for the purpose of executing an arrest warrant. Steagald, 451 U.S. at 216. First, the individual named in the arrest warrant has an "interest in being free from an unreasonable seizure." Id. Second, the third-party homeowner has an "interest in being free from an unreasonable search of his home." Id.

When a warrant has been issued authorizing the arrest of a suspect, law enforcement officers have "the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton, 445 U.S. at 603. Once an arrest has been made, officers are permitted to search "the arrestee's person and the area within [the arrestee's] immediate control." Chimel v. California, 395 U.S. 752, 763 (1969) (internal quotation marks omitted).

Whether Kern was a resident at the farm or an overnight guest is inconsequential to the resolution of this appeal because Kern was properly arrested pursuant to valid warrants and the firearms seized were in an area within his immediate control. If Kern was a resident, Payton permitted

4

officers to enter the farm to effect his arrest.  The same is true if Kern was an overnight guest as the privacy interest conveyed by this status, see Minnesota v. Olson, 495 U.S. 91, 98-99 (1990), placed him within the confines of Payton.  Nor may Kern complain that the entry onto the property to effect his arrest violated a third-party homeowner's right to be free from an unreasonable search as "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."  Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) (internal quotation marks and citations omitted).  Thus, we conclude the district court did not err in denying the motion to suppress.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED